**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS F. LEE, | No.   14-15848 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00042-ROS<br>District of Arizona,<br>Phoenix |
| v. | |
| ING GROEP, N.V., a Dutch entity;<br>RELIASTAR LIFE INSURANCE<br>COMPANY, a Minnesota corporation;<br>ING EMPLOYEE BENEFITS<br>DISABILITY MANAGEMENT<br>SERVICES, a Minnesota corporation; ING<br>NORTH AMERICA INSURANCE<br>CORPORATION, a Delaware corporation;<br>ING INVESTMENT MANAGEMENT,<br>LLC, a Delaware limited liability<br>company; KIMBERLY SHATTUCK;<br>GENERAL RE CORPORATION, a<br>Delaware corporation, | ORDER |
| Defendants-Appellees. | |

| | |
|---|---|
| CURTIS F. LEE, | No.   14-15936 |
| Plaintiff-Appellee, | D.C. No. 2:12-cv-00042-ROS<br>District of Arizona,<br>Phoenix |
| v. | |
| ING NORTH AMERICA INSURANCE<br>CORPORATION, a Delaware corporation, | |

Defendant-Appellant,

and

GENERAL RE CORPORATION, a
Delaware corporation; ING EMPLOYEE
BENEFITS DISABILITY
MANAGEMENT SERVICES, a
Minnesota corporation; RELIASTAR
LIFE INSURANCE COMPANY, a
Minnesota corporation; ING GROEP,
N.V., a Dutch entity; ING INVESTMENT
MANAGEMENT, LLC, a Delaware
limited liability company; KIMBERLY
SHATTUCK,

Defendants.

Before:  FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Judges Farris and O'Scannlain vote to deny Appellant's Petition for Panel Rehearing; Judge Christen votes to deny as to Part I of the Petition and would grant as to Part II of the Petition.

The memorandum disposition filed on July 25, 2016 is hereby withdrawn; the memorandum disposition submitted simultaneously with this Order shall be filed in its place.

The Petition for Panel Rehearing is DENIED.  No further petitions for rehearing will be entertained in this appeal.

FILED

UNITED STATES COURT OF APPEALS

OCT 28 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS F. LEE, | No. 14-15848 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00042-ROS |
| v. | |
| ING GROEP, N.V., a Dutch entity; RELIASTAR LIFE INSURANCE COMPANY, a Minnesota corporation; ING EMPLOYEE BENEFITS DISABILITY MANAGEMENT SERVICES, a Minnesota corporation; ING NORTH AMERICA INSURANCE CORPORATION, a Delaware corporation; ING INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company; KIMBERLY SHATTUCK; GENERAL RE CORPORATION, a Delaware corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| CURTIS F. LEE, | No. 14-15936 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-00042-ROS |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ING NORTH AMERICA INSURANCE
CORPORATION, a Delaware corporation,

Defendant - Appellant,

And

GENERAL RE CORPORATION, a
Delaware corporation; ING GROEP, N.V.,
a Dutch entity; RELIASTAR LIFE
INSURANCE COMPANY, a Minnesota
corporation; ING EMPLOYEE
BENEFITS DISABILITY
MANAGEMENT SERVICES, a
Minnesota corporation; ING
INVESTMENT MANAGEMENT, LLC, a
Delaware limited liability company;
KIMBERLY SHATTUCK,

Defendants.

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Curtis Lee is a former employee of ING Investment Management, LLC. In 2008, Lee was diagnosed with a serious medical condition. Lee applied for and received long term disability benefits, beginning in January 2009. Those long term

disability benefits were terminated as of December 2009.  Lee did not return to work, and was fired in June 2010.  Lee then filed this lawsuit against his former employer and various insurance companies, alleging, *inter alia*, that his long term disability benefits were wrongfully terminated, and that he was fired in retaliation for exercising his rights under the Employee Retirement Income Security Act of 1974.  *See* 29 U.S.C. §§ 1132, 1140.  The district court granted summary judgment to all defendants on both of those claims, and Lee now appeals that decision.[1]  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Where, as here, an employee benefits plan gives a claims administrator discretion in making claims decisions, courts must review those decisions for an abuse of discretion.  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc).  However, if the claims administrator is suffering from a conflict of interest, the abuse of discretion standard must be tempered with some level of skepticism.  *Id.* at 967–968.

Lee first argues that the district court erred in not tempering its review with enough skepticism.  He then argues that the district court erred in not finding that the termination of his benefits was an abuse of discretion.  We need not decide

_____

[1] We address ING North America's cross-appeal of the district court's grant of summary judgment to Lee on his claim for statutory penalties in a published opinion filed concurrently with this memorandum disposition.

whether the district court should have applied more skepticism, because no matter the level of skepticism applied, the claims administrator did not abuse its discretion.

The claims administrator told Lee that if he sought disability benefits beyond December 13, 2009, he would be required to attend an IME on December 29–30, 2009. Lee refused to attend the IME. Under the terms of Lee's long term disability plan, that refusal was a sufficient basis to terminate his benefits. While Lee now tries to recharacterize his refusal to attend the IME as a request to reschedule, Lee's letter made it clear that he would not agree to attend a neuropsychological evaluation. Lee has cited no plan language that allowed him to make such a refusal. Given this refusal, regardless of the level of skepticism applied, the decision to terminate benefits was not an abuse of discretion.

As to Lee's retaliatory discharge claim, the district court granted summary judgment to the defendants because the claim was filed outside the statute of limitations. Lee acknowledges this fact, but argues that the district court erred in not applying equitable tolling or equitable estoppel to his claim. Since the facts here are undisputed, we review de novo whether the district court erred in failing to apply these doctrines. *See Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008).

Equitable tolling of a statute of limitations is available for periods of time where "a reasonable plaintiff would not have known of the existence of a possible claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc). Equitable estoppel, on the other hand, applies when the defendant has engaged in some kind of "affirmative misconduct" that has caused the plaintiff to be unable to file during the limitations period. *Socop-Gonzalez*, 272 F.3d at 1184 (internal quotation marks omitted).

Lee argues that he is entitled to both equitable doctrines because he did not know that he was discharged because of his exercise of his ERISA rights until May 2011, when he received an internal ING email in discovery. Lee believes this email shows a retaliatory motive on ING's part, and was wrongfully withheld from him. But Lee was aware that he had a "possible" claim for retaliatory discharge before receiving that email. When ING first told Lee that he would not be able to return to his old job, and ING was not going to create a part-time job for him, Lee responded by saying that this decision, on the heels of a letter Lee had just written about ERISA violations in the handling of his disability claim, appeared to be retaliatory.

5

Lee argues that his suspicion of retaliation was not strong enough for him to file a complaint. But a plaintiff is not entitled to equitable tolling up until the point he is certain that he was fired in retaliation. *See Santa Maria*, 202 F.3d at 1178. Moreover, the suspicious timing of ING's decision was sufficient to allow Lee to file a complaint. *See Kimbro v. Atl. Richfield, Co.*, 889 F.2d 869, 881 (9th Cir. 1989) ("[T]he timing of a discharge may in certain situations create the inference of reprisal.").

Lee knew he had a possible claim for retaliatory discharge even before he was fired, and nothing prevented him from filing a complaint once he was discharged. The district court did not err in not applying equitable tolling or equitable estoppel to Lee's claim.

**AFFIRMED.**

*Lee v. ING Groep, N.V.*, 14-15848, 14-15936

CHRISTEN, Circuit Judge, dissenting in part:

I write separately for two reasons. First, in my view, ING Investment Management did not establish as a matter of law that Lee knew or reasonably should have known of a possible claim for retaliatory discharge when ING fired him. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc). Our case law is clear that "equitable tolling does not postpone the statute of limitations until the existence of a claim is a virtual certainty," *id.*, but neither does it exempt a party from complying with Rule 11. Because Rule 11 required Lee to have a reasonable belief that his claim had a "sound basis" in fact before bringing suit, and because the record supports Lee's argument that he could not have reasonably held such a belief until nearly a year after he was discharged, I would reverse the district court's order granting summary judgment. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).

After Lee missed over a year of work due to a serious medical condition, and after months of strong disagreement between Lee and ING regarding ING's

7

handling of Lee's LTD benefits claim, Lee and ING entered into a dialogue about his return to work. And on February 26, 2010, ING wrote to Lee to confirm that it authorized his return for limited and modified duties dependent only upon his doctor's approval. On April 9, Lee's counsel wrote to ING to reiterate his continued objections to ING's treatment of Lee's LTD benefits claim, and to propose a settlement on that claim. This letter threatened litigation as an alternative to settlement. Shortly thereafter, ING wrote to Lee and let him know it no longer had an open position for him. Lee's counsel responded on April 15 by noting that ING's failure to hold Lee's job open had the "appearance of retaliation." What Lee did not know, and could not have known until over a year later, was that although the parties were discussing Lee's return, there was a separate internal effort within ING aimed at keeping him from returning to work—not because of his physical condition—but because of the "high likelihood of his suing [ING]."

It appears the district court granted summary judgment in favor of ING because it concluded that Lee's claim for retaliatory discharge accrued when Lee's April 15 letter articulated that ING's actions had the "appearance of retaliation." But as the majority and ING properly recognize, the statute of limitations could not have commenced at that point because Lee had not yet been discharged. Lee's

8

retaliatory discharge claim did not accrue until he was discharged on June 11, 2010. *See Burrey v. Pac. Gas & Elec. Co.*, 159 F.3d 388, 397 (9th Cir. 1998).

The majority argues that Lee is not entitled to tolling because Lee's April 15, 2010 threat to sue shows he was aware of a "possible" claim for retaliatory discharge before he was even fired. But lawyers make all manner of threats when posturing for settlement, and threatening suit does not establish that Lee was aware of, or reasonably should have been aware of, a ripe claim for retaliatory discharge that would have passed Rule 11 muster.

The sole basis the April 15 letter identified for the "appearance of retaliation" was the close timing between ING's decision to fill Lee's position and the April 9 letter ING received from Lee's lawyer. This overlooks that the threat of litigation concerning the LTD benefits dispute had been ongoing for months and preceded ING's authorization for Lee to return to work. Lee was a highly compensated executive and the parties' dispute risked ending his career. It is no surprise that correspondence exchanged between the parties' lawyers was sprinkled with threats of litigation. Nevertheless, threats alone do not establish a reasonable belief that Lee's retaliatory discharge claim had a "sound basis" in fact as required by Rule 11. The majority argues Lee had notice as of April 15, but filing suit

would have been premature because at that point Lee could not even satisfy Rule 11.

It was not until May 9, 2011 that Lee was put on notice that he may have been discharged for an improper purpose. On that date, Lee received through discovery in separate litigation a copy of ING's March 31, 2010 internal email advising against offering Lee a job because he threatened to sue ING. In other words, *despite* ING's expression in February 2010 that Lee could return to work if his physical condition allowed him to, and *before* the parties exchanged correspondence in April, ING was internally discussing not letting Lee return for reasons unrelated to his physical condition. Viewed in the light most favorable to Lee, the email suggests that Lee's supervisors wanted him to return to his job, but an ongoing conversation between the Human Resources Department and in-house counsel cautioned against allowing him to do so because he was likely to sue.

From the record available to us, the email produced on May 9, 2011 appears to be the first time Lee reasonably should have been aware of a possible claim for retaliatory discharge. As such, the district court erred by granting summary judgment on the basis that Lee's suit was untimely. Because the district court did not consider whether anything that occurred between Lee's pre-discharge April 2010 threats to sue and his May 9, 2011 receipt of ING's internal email should

have put Lee on notice of his claim, I would remand to permit the district court to make this finding in the first instance.

The second reason I write is that I fear the majority's holding is likely to prompt premature lawsuits. In the future, lawyers will know that discussion of an employer's exposure to a retaliatory discharge claim may be used against them in a summary judgment motion similar to the one filed in this case. Lawyers should not be forced to choose between zealously representing their clients and complying with Rule 11, but if forced to do so, cautious lawyers will surely err on the side of filing suit too soon.